IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,564-01






EX PARTE WILLIAM LEROY PENN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 765668 IN THE 179TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 This is a post-conviction application for a writ of habeas corpus filed pursuant to tex.
Code crim. Proc. art. 11.07. Applicant was convicted of aggravated assault and after his
community supervision was revoked punishment was assessed at imprisonment for four years. 
No direct appeal was taken.

 Applicant contends that he is entitled to credit for more than three years for a period he
was confined in the Virgin Islands with a detainer lodged for this offense. The trial court has
entered an order concluding that Applicant must raise this claim by requesting a nunc pro tunc
order. However, we disagree, because if Applicant's factual allegations are correct then his
sentence has expired and he is entitled to immediate release.

 Therefore, additional facts need to be developed, and the trial court is the appropriate
forum because this Court cannot hear evidence. The trial court may resolve the factual issues as
set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions,
or interrogatories, or it may order a hearing. Any hearing is not limited to the above factual
issues if the court determines that other factual issues material to the legality of Applicant's
confinement should be resolved. In the appropriate case the trial court may also rely on its
personal recollection.

 Following receipt of additional information, the trial court shall make findings of fact as
to whether a detainer for this offense was lodged against Applicant while he served a sentence in
the Virgin Islands and, if so, the dates of Applicant's confinement under such detainer and
whether Applicant has received credit for any of this confinement. The trial court should also
make any further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367, 334
S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus
will be held in abeyance pending the trial court's compliance with this order. The trial court
shall resolve the issues presented within 45 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court reporter's
notes from any hearing or deposition, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 60 days of the date of this order. (2)

 IT IS SO ORDERED on this the 1st day of February, 2006.


DO NOT PUBLISH.
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.